UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SHANE PERRY, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) | Case No. 4:09-CV-105 (CEJ) |
| REV. ROBERT JOHNSTON, et al., | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motions for summary judgment filed separately by defendant the Archdiocese of St. Louis and defendant Rev. Robert Johnston. Plaintiff Shane Perry has not responded to the motions, and the time allowed for doing so has expired. In light of plaintiff's failure to respond, defendants Archdiocese and Johnston have also filed motions to have facts deemed admitted, legal arguments waived, and for entry of judgment pursuant to Local Rule 7-4.01(B) and (E).

I.  Background

Plaintiff brings this action to recover damages stemming from alleged abuse he sustained when he was a minor. Plaintiff, born on September 13, 1970, alleges in his complaint that defendant Johnston sexually abused him on various occasions between 1979 and 1982 while Johnston was employed by the Archdiocese of St. Louis.[1] Plaintiff filed this action on June 30, 2008. The only remaining claim against the Archdiocese is intentional failure to supervise (Count VII). The remaining claims against Johnston

---

[1] Plaintiff testified in his deposition that the alleged abuse may not have ended until 1984, but he was not certain.

are assault and battery/sexual abuse of a child (Count I), negligence (Count II), and intentional infliction of emotional distress (Count III).

The Archdiocese asserts that plaintiff's intentional failure to supervise claim is barred by the five-year statute of limitations set forth in Mo. Rev. Stat. § 516.120(4). Further, the Archdiocese argues that plaintiff can also not sustain the action under Missouri common law because the "premises element" required for an intentional failure to supervise claim has not been satisfied. Johnston asserts that the 10-year limitations period set forth in Mo. Rev. Stat. § 537.046 bars plaintiff's assault and battery/sexual abuse of a child claim, and that the five-year limitations period of Mo. Rev. Stat. § 516.120(4) bars plaintiff's negligence and intentional infliction of emotional distress claims.

II. **Legal Standard**

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered if the moving party shows "that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other

evidence, showing that a genuine issue of material fact exists. United of Omaha Life Ins. Co. v. Honea, 458 F.3d 788, 791 (8th Cir. 2006) (*quoting* Fed. R. Civ. P. 56(e)). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).

Local Rule 7-4.01(B) provides that "[a] party opposing a motion for summary judgment under Fed. R. Civ. P. shall file a memorandum and any appropriate documentary evidence twenty-one days after being served with the motion." Local Rule 7-401(E) further instructs: "All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party." Defendant Archdiocese filed its motion for summary judgment on June 29, 2012 and defendant Johnston filed his motion for summary judgment on August 8, 2012. Plaintiff has not responded to either motion in the time allotted under the Local Rules. Accordingly, the Court will deem each fact contained in both defendants' statements of uncontroverted material facts, which are attached to their respective motions for summary judgment, as admitted. The Court will also treat all arguments in opposition to defendants' motions for summary judgment waived.

III. Discussion

Mo. Rev. Stat. § 516.120(4) provides that an action "for any other injury to the person or rights of another, not arising on contract and not herein otherwise enumerated" must be brought within five years of when the cause of action accrues.

If a cause of action accrues when the individual is under twenty-one years of age, the statute of limitations will not begin to run until that person reaches the age of twenty-one years. Mo. Rev. Stat. § 516.170. The five-year limitations period set forth in § 516.120(4) applies to plaintiff's claims of intentional failure to supervise, negligence, and intentional infliction of emotional distress. Because the alleged acts accrued while plaintiff was a minor, it is uncontested that the statute of limitations should, at minimum, be tolled until his 21st birthday on September 13, 1991.

A claim can be further tolled when a plaintiff adequately brings forth evidence of a repressed memory. See Powel v. Chaminade, 197 S.W.3d 576 (Mo. 2006); Mo. Rev. Stat. § 516.100. Plaintiff alleges that the sexual abuse and the circumstances under which it occurred caused him to develop a repressed memory until approximately early 2004. Defendants argue that the facts of this case do not support the existence of a repressed memory and, as such, the running of the five-year statute of limitations period began on plaintiff's 21st birthday and no later.

Mo. Rev. Stat. § 516.100 provides that a cause of action accrues "when the damage resulting therefrom is sustained and is capable of ascertainment." Because plaintiff filed his complaint against defendants on June 30, 2008, seventeen years after his 21st birthday, the survival of plaintiff's claims for intentional failure to supervise, negligence, and intentional infliction of emotional distress turns on whether there is a genuine issue of material fact in regard to when his damages were capable of being ascertained.

"In Powel, the Missouri Supreme Court stated that damages are capable of ascertainment and the statute of limitations begins to run when 'the evidence [is] such to place a reasonably prudent person on notice of a potentially actionable injury.'"

Dempsey v. Johnston, 299 S.W.3d 704, 706 (Mo. Ct. App. 2009) (quoting Powel, 197 S.W.3d at 582). "The Court emphasized that the test is an objective one and that the issue is 'when a reasonable person would have been put on notice that an injury and substantial damages may have occurred and would have undertaken to ascertain the extent of the damages.'" Id. (quoting Powel, 197 S.W.3d at 584).

"Damage is ascertainable when the fact of damage 'can be discovered or made known,' not when a plaintiff actually discovers injury or wrongful conduct." Sheehan v. Sheehan, 901 S.W.2d 57, 58-59 (Mo. 1995) (quoting Chemical Workers Basic Union Local No. 1744 v. Arnold Savings Bank, 411 S.W.2d 159, 163-65 (Mo. 1966). "'[A]ll possible damages do not have to be known, or even knowable, before the statute accrues,' the date Plaintiff completed his psychological process of uncovering is irrelevant." Graham v. McGrath, 243 S.W.3d 459, 463 (Mo. Ct. App. 2007) (quoting Klemme v. Best, 941 S.W.2d 493, 497 (Mo. 1997)).

The evidence in this case establishes that plaintiff knew of the acts constituting sexual abuse prior to his attaining the age of twenty-one. In his deposition, plaintiff testified that he did not remember being abused by defendant Johnston "until later on in life" after he had undergone therapy. (Doc. # 105-2, p. 38). However, in answer to interrogatories plaintiff stated that he "informed his parents *at the time* [the sexual abuse] occurred, but they did not believe him and told him not to tell anyone that. As such, no action was taken." (Doc. # 105-3, p. 10) (emphasis added). When asked about this answer in deposition, plaintiff testified that he could not remember whether he had answered truthfully. (Doc. # 105-2, p. 38).

Plaintiff also testified that during the period 1979-1982 he was sexually abused by Rev. Alvin Campbell, a parish priest. Campbell introduced plaintiff to Johnston in

1979 or 1980. According to plaintiff, Campbell and Johnston sexually abused him together. Plaintiff knew in 1985 that Campbell was being prosecuted for sexual abuse of children and that he (plaintiff) was one of the victims. Plaintiff also knew that it was wrong for adults to have sex with children. When plaintiff was in his twenties, he knew that Campbell had gone to prison for sexually abusing children, including himself. Further, plaintiff was cognizant that he was a victim of sexual abuse as a child by informing his parents of Campbell's indecent actions. See Graham, 243 S.W.3d at 463 ("In 1995 and 1996, Plaintiff had memory of the acts constituting sexual abuse, he was beginning to understand he was a victim . . . These facts show that the evidence was sufficient to put a reasonable person on notice that 'an injury and substantial damages may have occurred;' therefore, Plaintiff's damages were capable of ascertainment[.]") (quoting Powel, 197 S.W.3d at 584).

"[I]t is the memory of the consequential injury and damages, *not the memory of the identity of the perpetrator*, that triggers the running of the . . . statute of limitations." K.G. v. R.T.R., 918 S.W.2d 795, 198 (Mo. 1996) (emphasis added). Plaintiff must have "sufficient knowledge to be put on 'inquiry notice' of the wrong and damages[.]" Powel, 197 S.W.3d at 583. "'[P]laintiff just must have notice of the facts of the mere existence of the wrong in order to motivate plaintiff to inquire further." Id. at 584 (quoting Klemme, 941 S.W.2d at 497).

Because plaintiff was aware of the sexual abuse by Campbell, as "a reasonable person [plaintiff] would have . . . undertaken to ascertain the extent of the damages." Id. This is especially true here as plaintiff testified that Campbell was always present when Johnson sexually abused plaintiff. As such, plaintiff's damages were capable of ascertainment when he reached the age of twenty-one years. Because plaintiff filed

his claims of intentional failure to supervise,[2] negligence, and intentional infliction of emotional distress more than five years after he attained the age of twenty-one, these claims are barred by the statute of limitations under Mo. Rev. Stat. § 516.120(4).

Plaintiff's assault and battery/sexual abuse of a child claim is governed by a special statute of limitations, which provides:

> Any action to recover damages from injury or illness caused by childhood sexual abuse . . . shall be commenced within ten years of the plaintiff attaining the age of twenty-one or within three years of the date the plaintiff discovers, or reasonably should have discovered, that the injury or illness was caused by childhood sexual abuse, whichever later occurs.

Mo. Rev. Stat. § 537.046.2 (emphasis added).

Missouri courts have recognized the literal distinction between the 'discovery' standard, under § 537.046, and the 'capable of ascertainment' standard used for other causes of action." Walker v. Barrett, 650 F.3d 1198, 1206 (8th Cir. 2011). "But, to date, Missouri courts have not addressed whether the discovery standard operates differently, in practice, than the capable of ascertainment standard." Id. "Indeed, some Missouri courts have apparently treated the standards as functional equivalents." Id. See e.g. Dempsey v. Johnston, 299 S.W.3d 704 (Mo. Ct. App. 2009) (court used capable of ascertainment standard for § 537.046). Relying on the above analysis, the Court finds that plaintiff's damages should reasonably have been discovered or were capable of ascertainment prior to plaintiff's twenty-first birthday. As such, plaintiff was

---

[2] Plaintiff's intentional failure to supervise claim would independently fail under Missouri common law because the Archdiocese was only under a duty to control defendant Johnston when he was on its premises or when he was using its chattel. See Doe v. Roman Catholic Archdiocese of St. Louis, 347 S.W.3d 588, 591-594 (Mo. Ct. App. 2011); Gibson v. Brewer, 952 S.W.2d 239, 248 (Mo. 1997). Based on the uncontroverted evidence, the alleged sexual abuse by Johnston did not occur on the premises of the Archdiocese or while Johnston was using chattel owned by the Archdiocese.

required to file his sexual abuse of a child claim on or before September 13, 2001, ten years after his twenty-first birthday. Because he failed to do so, his claim of assault and battery/sexual abuse of a child is time-barred.

* * *

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the motion of defendant Archdiocese of St. Louis for summary judgment [Doc. #104] is **granted**.

**IT IS FURTHER ORDERED** that the motion of defendant Rev. Robert Johnston for summary judgment [Doc. #108] is **granted**.

**IT IS FURTHER ORDERED** that the defendants' motions to have facts deemed admitted, legal arguments waived, and for entry of judgment [Doc. #110 and # 111] are **granted**.

Judgment in favor of the defendants will be entered separately.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 9th day of October, 2012.